United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-51238
Summary Calendar

LARRY KEELE,

Plaintiff-Counter
Defendant-Appellant,

versus

FRANK GUAJARDO, III

Defendant-Counter
Claimant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CV-176
--------------------

Before REAVLEY, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Larry Keele, Texas prisoner # 1077576, appeals from the

district court's grant of summary judgment for Frank Guajardo,

a detention officer at the Bexar County Adult Detention Center

(BCADC), on the ground of qualified immunity. Keele filed a

42 U.S.C. § 1983 civil rights complaint against Guajardo alleging

that Guajardo informed another inmate of Keele's incarceration

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

crimes and unlocked Keele's cell door in order for the inmate to assault Keele.

This court reviews a grant of summary judgment <u>de novo</u>. <u>See</u> <u>Olabisiomotosho v. City of Houston</u>, 185 F.3d 521, 525 (5th Cir. 1999). The facts and any inferences to be drawn are viewed in the light most favorable to the nonmovant. <u>Id.</u> "Summary judgment is properly granted if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" <u>Id.</u>; FED. R. CIV. P. 56(c).

It is unclear in the record whether Keele was a pretrial detainee or a convicted prisoner at the time of the alleged constitutional violation in the instant case. However, as in this case, when a claim is based on the "episodic acts or omissions" of jail officials, the standard of subjective deliberate indifference is applicable. <u>See</u> <u>Hare v. City of Corinth</u>, 74 F.3d 633, 643, 650 (5th Cir. 1996)(en banc).

<u>Official capacity</u>

Keele's claim against Guajardo in his official capacity is treated as a claim against Bexar County. <u>Brooks v. George County, Miss.</u>, 77 F.3d 834, 841 (5th Cir.), withdrawn and superceded on other grounds, 84 F.3d 157 (5th Cir. 1996). A governmental entity can be held liable under § 1983 only if

official policy or custom caused the deprivation of a constitutional right. <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694 (1978).

Keele has failed to establish that it was the policy or custom of the BCADC to incite inmate assaults. At best, Keele alleges an isolated incident, not a widespread custom of the BCADC to support his claim of official liability. <u>See</u> <u>Fields v. City of Houston</u>, 922 F.2d 1183, 1191-92 (5th Cir. 1191-92). Accordingly, the district court's grant of summary judgment for Guajardo in his official capacity is affirmed.

<u>Individual capacity</u>

The district court characterized the nature of Keele's complaint as a failure-to-protect from another inmate claim. However, the allegations contained in Keele's complaint and appellate brief fairly raise a more direct claim of cruel and unusual punishment at the hands of Guajardo which we address herein.

The first inquiry in examining a defense of qualified immunity asserted in a motion for summary judgment is to determine whether the plaintiff has alleged "the violation of a clearly established constitutional right." <u>Siegert v. Gilley</u>, 500 U.S. 226, 231 (1991). The second step is to decide whether the defendant's conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident. <u>Spann v. Rainey</u>, 987 F.2d 1110, 1114 (5th Cir. 1993). Because

Keele has alleged episodic acts and omissions committed by Guajardo rather than a widespread custom at the BCADC, his claim falls under the deliberate indifference standard regardless of his incarceration status.  See Hare, 74 F.3d at 643, 650.  A showing of deliberate indifference requires that the official have a subjective knowledge of the risk of harm.  Wagner v. Bay City, Tex., 227 F.3d 316, 324 (5th Cir. 2000).

Keele's allegations raise a genuine issue of material fact over whether Guajardo's actions constituted cruel and unusual punishment.  Keele's detailed account of the incident in his complaint as well as a supporting affidavit from another inmate raise a material fact issue over whether Guajardo himself deliberately subjected Keele to cruel and unusual punishment. Guajardo's summary judgment evidence in the form of an incident report indicating that he believed there was a "possibility" that one of the cell doors left unsecured by the lunch relief officer was Keele's does not directly refute Keele's sworn assertions in his complaint regarding Guajardo's involvement.  Accordingly, the district court erred in granting summary judgment for Guajardo in his individual capacity.  The judgment of the district court is AFFIRMED IN PART AND VACATED AND REMANDED IN PART.